UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH EARL JONES, | No. 2:17-cv-0469 AC P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK REARDON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated at the California Medical Facility under the authority of the California Department of Corrections and Rehabilitation. Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and E.D. Cal. L. R. ("Local Rule") 305(a). See ECF No. 4.

As set forth in his three-page complaint, plaintiff seeks damages against the California Board of Parole Hearings, and two of its members, Patrick Reardon and Rhonda Skipper-Dotta. Plaintiff also seeks an order of this court directing the Board to remove from plaintiff's central file "all information regarding the conviction of aggravated robbery, Texas, 1984," for which plaintiff asserts he was exonerated in 1993; and to "correct records that (2 counts) assault to murder, Texas, 1972, as non-violent or serious offenses." ECF No. 1 at 3.

////

Plaintiff avers that on January 31, 2017, defendant Reardon, acting for the Board, denied plaintiff parole "based, in part, on criminal history of violence," including all three counts. On February 3, 2017, plaintiff sent documents to the Board showing that he was exonerated of the 1984 aggravated robbery and released on April 23, 1993. On February 14, 2017, defendant Skipper-Dotta, acting for the Board, "reconsidered parole suitability and denied parole based, in part, on (2 counts) assault to murder and possession of control[led] substance and stating she excluded the aggravated robbery charge." Id.

Plaintiff's complaint fails to state a claim over which this court has jurisdiction. The California Board of Parole Hearings, a state agency, is immune from damages suits under the Eleventh Amendment. See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004) (as applied to state agencies). Moreover, Board members, who exercise quasi-judicial responsibilities in rendering a decision to grant, deny or revoke parole, are absolutely immune from damages liability. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v California, 384 F. 3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Board's decision-making authority, e.g., in performing investigatory or law enforcement functions).

In addition to these specific barriers to the instant suit, all claims for damages based on a prisoner's underlying conviction or sentence are bound by the "favorable termination rule" set forth by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). As explained by the Court in Heck, "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 481, 486-87. In the instant case, according to plaintiff, Board member Skipper-Dotta reconsidered plaintiff's parole suitability excluding the challenged aggravated robbery count, and still denied parole. Plaintiff

offers no grounds on which to conclude that the remaining two counts on which Skipper-Dotta relied (assault to commit murder and possession of a controlled substance) have been invalidated. Absent a formal decision that the denial of plaintiff's parole improperly rested on an invalid conviction or sentence, plaintiff may not pursue a damages claim.

Finally, habeas relief is available only if success on the merits of petitioner's claim would *necessarily* impact the fact or duration of his confinement. See Nettles v. Grounds, 830 F.3d. 922, 934-35 (9th Cir. 2016) (en banc). Absent such impact, federal courts are without authority to review the substance of a petitioner's parole denial. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court has held that federal habeas relief is not available for errors of state law, and that the Due Process Clause does not require correct application of California's "some evidence" standard for denying parole. Federal courts may not intervene in state parole decisions as long as minimum procedural protections were provided to the petitioner. Id. at 219–20.

Pursuant to these authorities, the undersigned finds that the instant complaint fails to state a cognizable claim, and that amendment of the complaint would be futile. The court will deny plaintiff's request to proceed in forma pauperis without imposition of a fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed without leave to amend.

2. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is denied as moot.

3. The Clerk of Court is directed to close this case.

DATED: July 10, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE